IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-56,818-01






EX PARTE JOEL ESCOBEDO









ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 783728 IN THE 232ND DISTRICT COURT


HARRIS COUNTY






 Per Curiam. 


O R D E R



 In February 1999, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted under Article 37.071 of the Texas Code of
Criminal Procedure, and the trial court, accordingly, set punishment at death. This Court
affirmed the conviction and sentence on direct appeal. Escobedo v. State, No. AP-73,450
(Tex. Crim. App. Feb. 13, 2002)(not designated for publication). Applicant filed his initial
writ application in the trial court in October 2000. While the trial court was considering that
application, applicant filed a subsequent application in which he raised a claim that his
execution was barred because he was mentally retarded. See Atkins v. Virginia, 536 U.S. 304
(2002). We determined that the claim met the requirements of Article 11.071, § 5, and
remanded it to the trial court for consideration. Ex parte Escobedo, No. WR-56,818-01 (Tex.
Crim. App. Sept. 10, 2003)(not designated for publication). The record was subsequently
sent to this Court, the Court reviewed it, and we denied relief. Ex parte Escobedo, No. WR-56,818-01 (Tex. Crim. App. June 6, 2007)(not designated for publication).

 Applicant has now submitted a suggestion that this Court reconsider this ruling on its
own initiative. While the Rules of Appellate Procedure do not permit the filing of a motion
for rehearing following the denial of a post-conviction application for writ of habeas corpus,
we may on our own initiative choose to exercise our authority to reconsider our initial
disposition of a capital writ. See Ex parte Moreno, 245 S.W.3d 419, 427-29 (Tex. Crim.
App. 2008)(stating that we may choose to exercise this authority only "under the most
extraordinary of circumstances"). 

 This Court denied applicant's Atkins claim in 2007, after Dr. George Denkowski acted
as the State's expert witness on the subsequent writ application. In April 2011, Denkowski
entered into a Settlement Agreement with the Texas State Board of Examiners of
Psychologists, in which his license was "reprimanded." Pursuant to this Settlement
Agreement, Denkowski agreed to not accept any engagement to perform forensic
psychological services in the evaluation of subjects for mental retardation or intellectual
disability in criminal proceedings. In light of this Settlement Agreement, we exercise our
authority to reconsider this case on our own initiative. 

 This cause is remanded to the trial court to allow it the opportunity to re-evaluate its
initial findings, conclusions, and recommendation in light of the Denkowski Settlement
Agreement. The trial court may order affidavits or hold a live hearing if warranted. The trial
court may re-adopt its prior findings of fact, conclusions of law, and recommendation, or it
may make new or additional findings and conclusions and a new recommendation to this
Court. The trial court may also appoint counsel for applicant pursuant to Article 11.071 if
it believes such appointment necessary.

 This cause will be held in abeyance pending the trial court's compliance with this
order. The trial court shall resolve the issues presented within 60 days of the date of this
order. A supplemental transcript containing the trial court's resolution or any additional
findings of fact and conclusions of law shall be returned to this Court within 90 days of the
date of this order. (1) 

 IT IS SO ORDERED THIS THE 21ST DAY OF MARCH, 2012.

Do Not Publish
1. Any extensions of either time period should be obtained from this Court.